# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1358V
UNPUBLISHED

| | |
|---|---|
| KATHERINE CUMMINGS and JARED CUMMINGS, Parents of O.C., a Minor,<br><br>         Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>         Respondent. | Chief Special Master Corcoran<br><br>Filed: June 24, 2022<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Measles Mumps<br>Rubella (MMR) Vaccine;<br>Thrombocytopenic Purpura (ITP) |

*Emily Beth Ashe*, Anapol Weiss, Philadelphia, PA, for Petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

  On October 9, 2020, Katherine Cummings and Jared Cummings, parents of O.C., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On June 23, 2022, Petitioners filed an amended petition (ECF No. 34). In the amended petition, Petitioners allege that O.C. suffered idiopathic thrombocytopenic purpura ("ITP") which was caused by the measles mumps rubella ("MMR") vaccine received on March 7, 2019. Amended Petition at 1. Petitioners further allege that O.C. received the MMR vaccine in the United States and that Petitioners have never received any compensation in the form of an award or settlement for O.C.'s vaccine related injuries. Amended Petition at ¶¶ 3, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 24, 2022, I issued findings of fact, determining that, although it was close, more likely than not O.C. suffered the residual effects of ITP for more than six months (ECF No. 30).

On March 28, 2022, Respondent filed an amended Rule 4(c) report (ECF No. 31). In it, Respondent reserves the right to appeal the February 24, 2022 fact ruling. Amended Rule 4(c) Report at 6. However, Respondent agrees that, in light of the fact ruling and medical evidence, Respondent has concluded that O.C. suffered an episode of ITP related to her March 7, 2019 MMR vaccination.[3] *Id.* Therefore, subject to his right to appeal the February 24 fact ruling, Respondent does not dispute that Petitioners have satisfied all legal prerequisites for compensation under the Act. *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioners are entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Respondent disputed that the varicella, Hepatitis A, DTaP, Hib, and/or Prevnar vaccines caused O.C.'s ITP. Amended Rule 4(c) Report at 6 n.6. Subsequently, Petitioners filed an amended petition omitting claims relating to those vaccines. During a May 24, 2022 status conference, the parties agreed that after Petitioners filed the amended petition, a ruling on entitlement would be appropriate. Scheduling Order, issued May 24, 2022, at *2 (ECF No. 33).