# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 20-1358V
UNPUBLISHED

---

KATHERINE CUMMINGS and JARED
CUMMINGS, Parents of O.C., a Minor,

                        Petitioners,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                        Respondent.

Chief Special Master Corcoran

Filed: January 11, 2023

Special Processing Unit (SPU);
Damages Decision Based on Proffer;
Measles Mumps Rubella (MMR)
Vaccine; Thrombocytopenic Purpura
(ITP)

---

*Emily Beth Ashe, Anapol Weiss, Philadelphia, PA,* for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC,* for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 9, 2020, Katherine Cummings and Jared Cummings, parents of O.C., a minor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). On June 23, 2022, Petitioners filed an amended petition (ECF No. 34). In the amended petition, Petitioners allege that O.C. suffered idiopathic thrombocytopenic purpura ("ITP") which was caused by the measles mumps rubella ("MMR") vaccine received on March 7, 2019. Amended Petition at 1. Petitioners further allege that O.C. received the MMR vaccine in the United States and that Petitioners have never received any compensation in the form of an award or settlement for O.C.'s vaccine related injuries. Amended Petition at ¶¶ 3, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On June 24, 2022, a ruling on entitlement was issued, finding Petitioners entitled to compensation for O.C.'s ITP. On January 10, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating compensation should be awarded in the form of an amount not to exceed $35,000.00 to purchase the annuity contract described in section II.B. of the proffer, and funds to satisfy a State of Ohio Medicaid lien in the amount of $11,832.23. Proffer at 2-4. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **For pain and suffering, an amount not to exceed $35,000.00 to purchase an annuity contract as described in section II.B of the proffer; and**

- **A lump sum payment of $11,832.23, representing compensation for satisfaction of the State of Ohio Medicaid lien, in the form of a check payable jointly to Petitioners and:**

  **Treasurer, State of Ohio**
  **Ohio Tort Recovery Unit**
  **5475 Rings Road Suite 200**
  **Dublin, OH 43017**
  **Case Number: 1220674**
  **Attn: Kyrsty Rider**

**Petitioners agree to endorse the check to Treasurer, State of Ohio for satisfaction of the Medicaid lien.**

These amounts represent all elements of compensation to which O.C. would be entitled under Section 15(a). Petitioners agree.

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____ )
KATHERINE CUMMINGS and JARED )
CUMMINGS, Parents of O.C., a Minor, )
)
              Petitioners, )
v. )
)
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
)
              Respondent. )
_____ )

No. 20-1358V
Chief Special Master Corcoran
ECF

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

I.    **Procedural History**

On October 9, 2020, Katherine Cummings and Jared Cummings ("petitioners") filed a

petition for compensation ("petition"), on behalf of their minor child, O.C., under the National

Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"),

as amended.  The petition alleged that O.C. suffered idiopathic thrombocytopenic purpura

("ITP") that was caused by the measles mumps rubella ("MMR"), varicella, Hepatitis A

("HepA"), diphtheria, tetanus, acellular-pertussis ("DTaP"), hemophilus influenza B ("hib") and

pediatric pneumococcal ("Prevnar") vaccines she received on March 7, 2019. *See generally*

Petition.

On January 28, 2022, respondent the Secretary of Health and Human Services

("respondent") filed a Vaccine Rule 4(c) Report and Motion to Dismiss.  ECF No. 28.  Petitioner

filed a response on February 11, 2022.  ECF No. 29.  On March 28, 2022, respondent filed an

Amended Vaccine Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's

Findings of Fact ruling that it is more likely than not that O.C. suffered the residual effects of

1

ITP for more than six months (ECF No. 30), respondent did not dispute that petitioner had satisfied all legal prerequisites for compensation under the Vaccine Act. Amended Rule 4(c) Report at 2 (ECF No. 31). However, respondent did dispute that the varicella, HepA, DTaP, Hib, and/or Prevnar vaccines caused O.C.'s ITP. *Id.* at 6 n.6. Accordingly, on June 23, 2022, petitioners filed an amended petition, which alleges that O.C. suffered ITP that was caused by the MMR vaccine received on March 7, 2019. ECF No. 34. On June 24, 2022, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioners were entitled to vaccine compensation for O.C.'s ITP.[1] *See* Ruling on Entitlement (ECF No. 35).

## II.   Items of Compensation and Form of the Award

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

### A.   Medicaid Lien

Respondent proffers that petitioners should be awarded funds to satisfy a State of Ohio Medicaid lien in the amount of $11,832.23, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Ohio may have against any individual as a result of any Medicaid payments the State of Ohio has made to or on behalf of O.C. from the date of her eligibility for benefits through the date of judgment in this case as a

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's June 24, 2022, entitlement decision.

[2] Should O.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

result of O.C.'s alleged vaccine-related injury suffered on or about March 7, 2019, under Title

XIX of the Social Security Act.  Reimbursement of the State of Ohio Medicaid lien shall be

made through a lump sum payment of **$11,832.23**, representing compensation for satisfaction of

the State of Ohio Medicaid lien, in the form of a check payable jointly to petitioners and:

> Treasurer, State of Ohio
> Ohio Tort Recovery Unit
> 5475 Rings Road Suite 200
> Dublin, OH 43017
> Case Number: 1220674
> Attn: Kyrsty Rider

Petitioners agree to endorse the check to Treasurer, State of Ohio for satisfaction of the Medicaid
lien.

### B.   Pain and Suffering

For pain and suffering, an amount not to exceed $35,000.00 to purchase an annuity

contract,[3] paid to the life insurance company[4] from which the annuity will be purchased,[5] subject

to the conditions described below.  The annuity contract will be owned solely and exclusively by

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one
or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus,
exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have
one of the following ratings from two of the following rating organizations:

> a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;
>
> b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;
>
> c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
> AA, AA+, or AAA;
>
> d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability
> Rating:  AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case
consistent with the Privacy Act and the routine uses described in the National Vaccine Injury
Compensation Program System of Records, No. 09-15-0056.

the Secretary of Health and Human Services and will provide payments to O.C. as set forth below:

1.  A certain Lump Sum of $25,341.01 payable on April 26, 2038.

2.  A certain Lump Sum of $30,365.42 payable on April 26, 2041.

3.  A certain Lump Sum of $35,961.78 payable on April 26, 2044.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $35,000.00.  In the event that the cost of the certain annuity payments set forth above varies from $35,000.00, the certain lump sum payment due on April 26, 2044, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $35,000.00.  Should O.C. predecease any of the certain annuity payments set forth above, said payments shall be made to her estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of O.C.'s death.

These amounts represent all elements of compensation to which O.C. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioners agree.[6]

III.   **Summary of Recommended Payments Following Judgment**

A.   Medicaid lien:                                   **$11,832.23**

B.   An amount of $35,000.00 to purchase the annuity contract described above in section II. B.

---

[6] At the time payment is received, O.C. will be an adult, and thus guardianship is not required.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

Lara A. Englund
Assistant Director
Torts Branch, Civil Division

/s/*Kyle E. Pozza*
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-3661
Email: Kyle.Pozza@usdoj.gov

DATED:   January 10, 2023